UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 04-43(PAM)

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>            Plaintiff,         )<br>                              )<br>      V.                      )<br>                              )<br> JAMES W. MOEN,               )<br>                              )<br>            Defendant.        ) | GOVERNMENT'S RESPONSE TO<br>DEFENDANT'S MOTION FOR EARLY<br>TERMINATION OF PROBATION |

The United States, by its attorneys, Thomas B. Heffelfinger, United States Attorney, and Henry J. Shea and Nicole A. Engisch, Assistant United States Attorneys, hereby submits its Response to Defendant's Motion for Early Termination of Probation in the above-captioned case. For the reasons set forth below, the United States opposes defendant's Motion.

As the Court will recall from defendant's June 24, 2004 sentencing, defendant strongly resisted the imposition of any term of probation in this case because he wanted to avoid being suspended from the practice of law by the State of Minnesota. At the same proceeding, the government sought imposition of at least two years of probation given the leniency that defendant's Plea Agreement already provided. In imposing sentence, the Court referred to the need for proportionate punishment and ordered a term of 18 months probation. This 18 month probation period was

the shortest probationary term imposed on any of the Katun corporation executives sentenced by the Court.[1]

On April 1, 2005, pursuant to a Stipulation, the Minnesota Supreme Court indefinitely suspended defendant from the practice of law for the term of his criminal probation in the above-captioned case. Defendant now seeks to have his probation ended on June 24, 2005 (the statutory minimum), so that he can resume his legal career after having been suspended from practicing law for less than three months. Contrary to defendant's claims, the government submits that defendant does not merit further leniency through a reduction in sentence.

Defendant's Motion continues to take issue with the minimal and balanced restrictions of the Court's original sentence. It ignores, however, that defendant stands convicted of two separate felony offenses involving collective unlawful corporate conduct that caused millions of dollars of financial losses to others. Further, it does not consider that defendant's deliberate indifference to illegal conduct at Katun was more prevalent than the two instances to which he plead guilty. In fact, two witnesses recalled defendant specifically stating that "I don't want to hear about it" when asked about fraudulent conduct by other Katun executives. Another witness has stated that defendant was fully

---

[1] At related proceedings, the Court imposed two year terms of probation for Larry Stroup, Raymond Wirtz, and David Jorgensen, and an 18 month term of probation for Glenn Spitzer.

aware of Katun's unauthorized access to computer websites for years and cautioned the employee about not getting caught.

It is due to this type of conduct that the Court should continue supervision of defendant for the 18 month term originally imposed. As the Court observed at defendant's sentencing, "when I look at proportionality in this world, there is just no way (the Court) can fulfill your request . . . because it just doesn't fit." Sent. Transcript at 10-11.

                                            Respectfully Submitted,

Dated: June 3, 2005              THOMAS B. HEFFELFINGER
                                            United States Attorney

                                            s/Henry J. Shea
                                            BY:  HENRY J. SHEA
                                            Assistant U.S. Attorney
                                            Attorney ID Number 165384

                                            BY: NICOLE A. ENGISCH
                                            Assistant U.S. Attorney
                                            Attorney ID No. 215284